# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| CARLEN CATTY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:08CV510 |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Carlen Catty seeks judicial review pursuant to 42 U.S.C. § 405(g) of the Commissioner's final decision denying her claims for Disability Insurance Benefits and Supplemental Security Income ("SSI"). The Commissioner's denial decision became final on May 30, 2008, when the Appeals Council found no basis for review of the hearing decision of the Administrative Law Judge ("ALJ"). In this action, the parties have filed cross-motions for judgment, and the administrative record has been certified to the Court for review.

### The Claimant

Plaintiff was born on April 7, 1944, and was 60 years of age on her alleged onset date of disability. She has a high school education. Plaintiff has past relevant work experience as an administrative assistant/clerical, customer service representative and retail sales associate. Plaintiff alleges disability as of December 4, 2004, due to arthema atrial

fibrillation, bradycardia, hypertension, asthma, diabetes, osteoarthritis, degenerative arthritis of the spine, bleeding ulcers, anemia and GERD.

## The Administrative Proceedings

Plaintiff filed applications for Disability Insurance Benefits and SSI on January 31, 2005, alleging disability as of December 4, 2004, due to arthema atrial fibrillation, bradycardia, hypertension, asthma, diabetes, osteoarthritis, degenerative arthritis of the spine, bleeding ulcers, anemia and GERD. Her claim was denied initially and on reconsideration, and Plaintiff filed a request for a hearing. A hearing was held on October 2, 2007, and a decision denying benefits was issued on January 23, 2008. Plaintiff filed a request for review, and on May 30, 2008, the Appeals Council found no basis for review of the ALJ's decision. Plaintiff then filed this request for judicial review.

The findings of the ALJ relevant to this review include the following:

1. Plaintiff meets the disability insured status requirements of the Social Security Act through September 30, 2009.

2. Plaintiff has not engaged in substantial gainful activity since December 4, 2004, her alleged onset date of disability.

3-4. Plaintiff's obesity is a severe impairment, but it does not meet or medically equal one of the listed impairments in Appendix 1 to Subpart P of Social Security Regulation No. 4.

5. Plaintiff has the residual functional capacity to perform a full range of sedentary to medium level work.

6. Plaintiff is capable of performing her past relevant clerical work, including work as an administrative assistant, customer service representative, and receptionist. None of these jobs require work-related activities precluded and none exceed her residual functional capacity.

7. Plaintiff was not under a disability, as defined in the Social Security Act, from December 4, 2004, through the date of the decision.

<u>The Scope of Review</u>

The scope of judicial review by this Court of the Commissioner's decision denying benefits is limited. *Frady v. Harris*, 646 F.2d 143, 144 (4th Cir. 1981). The Court must review the entire record to determine whether the Commissioner has applied the correct legal standards and whether the Commissioner's findings are supported by substantial evidence. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Where this is so, the Commissioner's findings are conclusive. The Court may not reweigh conflicting evidence that is substantial in nature and may not try the case *de novo*. *Id.* Substantial evidence has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations omitted), or "evidence which . . . consists of more than a mere scintilla of evidence but may be somewhat

less than a preponderance." *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984) (citations omitted).

Discussion

In making a decision on Plaintiff's claim, the ALJ followed a five-step analysis set out in the Commissioner's regulations. 20 C.F.R. §§ 404.1520, 416.920 (2009). Under the regulations, the ALJ is to consider whether a claimant (1) is engaged in substantial gainful activity; (2) has a severe impairment; (3) has an impairment that meets or equals the requirements of a listed impairment; (4) can return to her past relevant work; and if not, (5) whether she can perform other work. The burden of persuasion is on the claimant through the fourth step. *See Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1992). If the claimant reaches the fifth step, the burden shifts to the Commissioner to produce evidence that other jobs exist in the national economy that the claimant can perform considering her age, education and work experience. *Id.*

In this case, the ALJ found that Plaintiff met the disability insured status requirements of the Social Security Act on December 4, 2004, her alleged onset date of disability, and continued to meet them through September 30, 2009. At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since her alleged onset date of disability. Proceeding to steps two and three, the ALJ found that Plaintiff suffers from obesity, a severe impairment, but does not have an impairment, or

combination of impairments, that meets or equals the ones listed in Appendix 1, Subpart P, Regulations Number 4.

The ALJ concluded his evaluation at step four, finding that Plaintiff has the residual functional capacity for a full range of sedentary to medium level work, and that she is capable of performing her past relevant work including administrative assistant, customer service representative and receptionist.

In this action for judicial review, Plaintiff first argues that the ALJ erred at step two of the sequential evaluation in not including bilateral knee osteoarthritis as a severe impairment. (Docket No. 14, Pl.'s Br. Supp. Mot. for Summ. J., at 3.) Specifically, Plaintiff argues that the ALJ improperly failed to evaluate and discuss objective evidence supporting Plaintiff's contention that her knee condition is severe. (*Id.* at 4.)

An impairment is "severe" if it significantly limits Plaintiff's physical or mental ability to perform basic work activities. 20 C.F.R. §§ 404.1521(a), 416.921(a). The Fourth Circuit has held that in order to find an impairment non-severe, the impairment must be "a *slight abnormality* which has such a *minimal effect* on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience." *Evans v. Heckler*, 734 F.2d 1012, 1014 (4th Cir. 1984)(emphasis in original)(quoting *Brady v. Heckler*, 724 F.2d 914, 920 (11th Cir. 1984)). The Court is mindful that the threshold for an impairment to be considered "severe" at step two of the

-5-

sequential evaluation is low. Nevertheless, there is substantial evidence supporting the ALJ's finding.

The objective medical evidence presented by Plaintiff concerning her arthritis is scant. Plaintiff went to the emergency room on February 26, 2004, having fallen on ice. (Tr. at 108.) She complained of pain in her left knee and reported a history of bilateral arthritis in her knees. (*Id.*) Plaintiff also reported that she was walking with a cane that day due to her injury. (*Id.*) An x-ray showed small joint effusion, diffuse bony spurring without definite fracture and marked osteoarthritis. (*Id.* at 109.) Yet, notes from a visit to her primary care physician the following day contain no mention of any continuing knee pain, although she reported her visit to the emergency room. (*Id.* at 153.) In March 2005, Plaintiff was examined by Dr. Mark L. Fields, an agency consulting physician. Plaintiff's chief complaints *did not* include knee pain, although she mentioned her history of pain and a diagnosis of arthritis. (*Id.* at 160-61.) Plaintiff reported to Dr. Fields that surgery had been recommended bilaterally, but that she had refused. (*Id.* at 161.) Dr. Fields noted diffuse tenderness of the knees with mild effusions, but no edema, erythema, crepitus, cyanosis or warmth. (*Id.* at 163.) In June 2005, Plaintiff's primary care physician noted Plaintiff's history of arthritis in her knees; however, the notes contain no particular complaint about knee pain or other impairment. (*Id.* at 252.) In May 2006, Plaintiff reported increased knee pain, but stated that she was taking only arthritis-strength Tylenol for her pain. (*Id.* at 238.) Plaintiff requested and received samples of this medication during her appointment, so presumably this was

sufficient to control her pain. *See Gross v. Heckler*, 785 F.2d 1163, 1166 (4th Cir. 1986)(if symptoms are, or can be, reasonably controlled by medication, they may not be considered disabling under the Act).

Plaintiff bears the burden of proving the severity of her impairments. *See* 20 C.F.R. §§ 404.1512(a), 416.912(a); *Hunter*, 993 F.2d at 35. Plaintiff must provide medical evidence establishing the existence and severity of her claimed impairments, as well as evidence establishing how these impairments affect her functioning. *Id*. Based on its reading of the record evidence, the Court finds that there is substantial evidence supporting the ALJ's exclusion of osteoarthritis of the knees from Plaintiff's severe impairments.

Plaintiff also argues the ALJ failed to follow agency procedures by not sufficiently identifying Plaintiff's functional limitations and assessing her work related abilities on a function by function basis, pursuant to Social Security Ruling 96-8p, *Policy Interpretation Ruling Titles II and XVI: Assessing Residual Functional Capacity in Initial Claims* ("SSR 96-8p"). (Docket No. 14 at 7.) SSR 96-8p requires the ALJ to make a function by function determination of Plaintiff's ability to do work-related activities, including the ability to perform the seven strength demands of sitting, standing, walking, lifting, carrying, pushing and pulling, before expressing Plaintiff's functional capacity in terms of an exertional category. SSR 96-8p. Plaintiff argues that the ALJ failed to perform this function by function analysis, and that this failure requires reversal of the ALJ's decision. (Docket No. 14 at 7.) The Court disagrees.

The ALJ found that Plaintiff could perform a full range of sedentary to medium level work with no limitations. (Tr. at 19.) Medium work is defined as work which "involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds." 20 C.F.R. §§ 404.1567(c), 416.967(c) (2009). The regulations further state that those who can do medium work are deemed capable of also doing light and sedentary work. *Id.* Light work involves lifting lighter weights, and is also requires "a good deal of walking or standing, or . . . sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. §§ 404.1567(b), 416.967(b). Sedentary work is that which involves sitting, although a certain amount of walking and standing is often required. 20 C.F.R. §§ 404.1567(a), 416.967(a). These administrative statements fully address the seven exertional activities required by SSR 96-8p. Having expressed Plaintiff exertional abilities in terms defined by the Act, the ALJ committed no reversible error.

Even if the Court found error, it would in this case be harmless. The Residual Functional Capacity Assessment ("RFCA") in the record opines that Plaintiff can perform light work with occasional climbing and balancing and no concentrated exposure to hazards. (*See* Tr. at 188-95.) Although the ALJ did not include all of these limitations in his RFC finding, he found that Plaintiff could perform her past relevant work, including college assistant, administrative assistance customer service representative and receptionist, which are sedentary or light level jobs and as described by Plaintiff, involved little or no climbing, balancing or hazards. (*See id.* at 63-70.) Thus, even if the ALJ had incorporated the RFCA's

-8-

Case 1:08-cv-00510-CCE-PTS   Document 17   Filed 06/23/10   Page 8 of 9

restrictions into his RFC finding, the ALJ's step four finding would still be supported by substantial evidence. *See Frank v. Barnhart*, 326 F.3d 618, 622 (5th Cir. 2003)(harmless error exists when it is inconceivable that a different administrative conclusion would have been reached absent the error); *Fisher v. Bowen*, 869 F.2d 1055, 1057 (7th Cir.1989)(error is harmless unless there is reason to think that remand might lead to a different result).

**IT IS THEREFORE RECOMMENDED** that Plaintiff's motion for summary judgment (Docket No. 13) be denied, that the Commissioner's motion for judgment on the pleadings (Docket No. 15) be granted, and that judgment be entered in favor of the Commissioner.

/s/ P. Trevor Sharp<br>
United States Magistrate Judge

Date: June 23, 2010